UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
MAY 16 2014
[signature] CLERK

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

JULIE A. AXNESS,             :

      Plaintiff,       :

vs.                          :

AQREVA, LLC, and             :
CARLA CAMPBELL
                             :
      Defendants.
                             :

CIV. 14-4078

COMPLAINT

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

      COMES NOW Plaintiff Julie Axness ("Axness"), by and through her attorneys of record, and for her Complaint against Defendants Aqreva, LLC and Carla Campbell, alleges as follows:

### JURISDICTION AND VENUE

1. Axness invokes this Court's jurisdiction under 28 U.S.C. § 1331 on the ground that this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.  Axness invokes this court's supplemental jurisdiction with respect to her claims based on the law of South Dakota pursuant to 28 U.S.C. § 1367.

2. Alternatively, Axness invokes this Court's jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) because the opposing parties are residents of different states and the amount in controversy exceeds $75,000.00.

3. The venue of this action is properly placed in the District of South Dakota, Southern Division, pursuant to 28 U.S.C. § 1391 because Axness's claims arose in this division.

### PARTIES

4. Axness is a resident of Minnesota.

Civ. 14-____
Complaint

5. Defendants Aqreva, LLC, (Aqreva) is a Delaware LLC that does business in South Dakota. Aqreva is a corporation in good standing and has a registered agent in South Dakota.

6. Upon information and belief, Aqreva's principal place of business is in South Dakota.

7. Upon information and belief, Aqreva employs more than 15 people for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

8. Upon information and belief, Carla Campbell (Campbell) is a resident of South Dakota.

9. Campbell is the regional manager of Aqreva.

10. Campbell, as regional manager of Aqreva, handles management services for a business by the name of Child & Adolescent Neurology, LLC, which is owned by Dr. Jorge Sanchez (Dr. Sanchez).

11. Part of Campbell's management services includes overseeing employee hiring and firing and assisting the business in staying staffed.

12. Campbell helps obtain employees for Child & Adolescent Neurology and Dr. Sanchez.

13. At all relevant times, Campbell was acting within the scope and authority of the regional manager of Aqreva.

14. At all relevant times, Campbell was acting within the scope and authority of an agent of Child & Adolescent Neurology and Dr. Sanchez.

15. Child & Adolescent Neurology and Dr. Sanchez authorized Campbell, as regional manager of Aqreva, to materially assist in the distribution of wages, paid time off, and severance payments to employees and former employees of Child & Adolescent Neurology.

Civ. 14-____
Complaint

5. Defendants Aqreva, LLC, (Aqreva) is a Delaware LLC that does business in South Dakota. Aqreva is a corporation in good standing and has a registered agent in South Dakota.

6. Upon information and belief, Aqreva's principal place of business is in South Dakota.

7. Upon information and belief, Aqreva employs more than 15 people for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

8. Upon information and belief, Carla Campbell (Campbell) is a resident of South Dakota.

9. Campbell is the regional manager of Aqreva.

10. Campbell, as regional manager of Aqreva, handles management services for a business by the name of Child & Adolescent Neurology, LLC, which is owned by Dr. Jorge Sanchez (Dr. Sanchez).

11. Part of Campbell's management services includes overseeing employee hiring and firing and assisting the business in staying staffed.

12. Campbell helps obtain employees for Child & Adolescent Neurology and Dr. Sanchez.

13. At all relevant times, Campbell was acting within the scope and authority of the regional manager of Aqreva.

14. At all relevant times, Campbell was acting within the scope and authority of an agent of Child & Adolescent Neurology and Dr. Sanchez.

15. Child & Adolescent Neurology and Dr. Sanchez authorized Campbell, as regional manager of Aqreva, to materially assist in the distribution of wages, paid time off, and severance payments to employees and former employees of Child & Adolescent Neurology.

Civ. 14-____
Complaint

16. Child & Adolescent Neurology and Dr. Sanchez authorized Campbell, as regional manager of Aqreva, to direct the distribution of wages, paid time off, and severance payments to employees and former employees of Child & Adolescent Neurology.

17. Child & Adolescent Neurology and Dr. Sanchez authorized Campbell, as regional manager of Aqreva, to make decisions about the distribution of wages, paid time off, and severance payments to employees and former employees of Child & Adolescent Neurology.

18. Child & Adolescent Neurology and Dr. Sanchez authorized Campbell, as regional manager of Aqreva, to materially assist in determining how employees of Child & Adolescent Neurology were treated after they are fired.

19. Child & Adolescent Neurology and Dr. Sanchez authorized Campbell, as regional manager of Aqreva, to direct how employees of Child & Adolescent Neurology were treated after they are fired.

20. Child & Adolescent Neurology and Dr. Sanchez authorized Campbell, as regional manager of Aqreva, to make decisions about how employees of Child & Adolescent Neurology were treated after they are fired.

## STATEMENT OF THE CASE

21. Axness was employed as a medical assistant at Child & Adolescent Neurology.

22. Axness was a qualified to perform her duties as a medical assistant.

23. While Axness was an employee, she became pregnant.

24. Axness informed Dr. Sanchez that she was pregnant no later than February 2013 and that the due date for the birth of her child was anticipated to be May 28, 2013.

25. Dr. Sanchez agreed that Axness would not need to work for the four weeks following the birth of her child.

26. On May 6, 2013, Axness went to an obstetrician appointment.

Civ. 14-____
Complaint

27. Her doctor determined that she should undergo a C-Section that day.

28. While Axness was still at the hospital, she called Dr. Sanchez and informed him of the fact that she was going to undergo a C-Section that day.

29. Axness underwent the C-Section that day and gave birth to her baby.

30. Axness continued to respond to Dr. Sanchez's various requests and questions pertaining to work while recovering from the C-Section.

31. After her C-Section, Axness was not coming into work because Dr. Sanchez had authorized her to not work for four weeks after she gave birth.

32. On May 23, 2013, two-and-a-half weeks after giving birth, Axness received a phone call from Campbell.

33. Dr. Sanchez was also on the phone.

34. Campbell told Axness that she could not work at Child & Adolescent Neurology because Dr. Sanchez wanted a medical assistant there at all times.

35. Child & Adolescent Neurology had previously gone four weeks without a medical assistant working there.

36. Prior to Axness's termination, a previous medical assistant at Child & Adolescent Neurology, Denise Ver Meer, did not come into work because of an unexpected ankle injury.

37. Denise Ver Meer's ankle injury was sustained on February 26, 2010.

38. February 26, 2010, was Denise Ver Meer's last day of actual work.

39. Denise Ver Meer was not terminated, however, until March 25, 2010.

40. Campbell was involved in the termination of Denise Ver Meer as well.

41. A temporary worker has been used by Child & Adolescent Neurology and Aqreva when previously needed.

4

Civ. 14-____
Complaint

42. Only Females can get pregnant.

43. Only Females can give birth to a baby.

44. Axness was terminated because she was not working as a result of having just given birth.

45. Axness was not terminated for violating a company policy.

46. Axness was not terminated for poor job performance.

47. Upon information and belief, Axness was replaced by someone who was not pregnant or who had not just given birth.

48. During the phone call on May 23, 2013, Campbell said that Axness would receive two weeks severance pay as a result of being terminated.

49. On June 3, 2013, Axness received a letter from Campbell.

50. The letter said that in order for Axness to receive her severance pay, she needed to sign and return the document enclosed with the letter.

51. Among other things, the document enclosed with the letter prohibited Axness from asserting any discrimination claims or charges of discrimination as a result of her being terminated.

52. As a result of the defendants' actions, Axness suffered mental and emotional harm and distress, mental and emotional pain and suffering, and past and future lost wages and benefits, and other damages.

53. A formal charge of discrimination with the South Dakota Division of Human Rights and the EEOC based on the above allegations was filed on July 11, 2013.

54. The South Dakota Division of Human Rights issued its determination on July 24, 2013.

Civ. 14-____
Complaint

55. On March 10, 2014, the EEOC mailed Axness the Notice of Right to Sue with regard to her employment discrimination claims. (Exhibit 1.)

56. On April 17, 2014, the South Dakota Division of Human Rights dismissed the charge against Aqreva and Campbell pursuant to Administrative Rules of the South Dakota Commission of Human Rights, ARSD 20:03:04:01.01 because the EEOC issued its Notice of Right to Sue. (Exhibit 2.)

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 2000e-2(b) (Sex Discrimination by an Employment Agency (Aqreva))

57. All of the previous allegations are incorporated by reference as if fully set forth herein.

58. 42 U.S.C. § 2000e-2(b) prohibits an employment agency from discriminating against any individual because of sex, including pregnancy or childbirth.

59. Aqreva is an "employment agency" under 42 U.S.C. § 2000e(c).

60. Axness, being an individual who was pregnant and who gave birth, is entitled to the protections of 42 U.S.C. § 2000e-2(b).

61. Aqreva, through its regional supervisor Campbell who oversaw the hiring and firing and assisting Child & Adolescent Neurology staying staffed, violated 42 U.S.C. § 2000e-2(b) by discriminating against Axness because she had been pregnant and was not working as a result of giving birth two-and-a-half weeks earlier.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 2000e-2(a)(1) (Sex Discrimination by an Employer (Aqreva))

62. All of the previous allegations are incorporated by reference as if fully set forth herein.

63. 42 U.S.C. § 2000e-2(a)(1) prohibits an employer from discharging or otherwise discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex, including pregnancy or childbirth.

6

Civ. 14-____
Complaint

64. Aqreva is an "employer" under 42 U.S.C. § 2000e(b).

65. Axness, being an individual who was pregnant and who gave birth, is entitled to the protections of 42 U.S.C. § 2000e-2(a)(1).

66. Aqreva, through its regional supervisor Campbell who oversaw the hiring and firing and assisting Child & Adolescent Neurology staying staffed, violated 42 U.S.C. § 2000e-2(a)(1) by discharging Axness because she was not working as a result of giving birth two-and-a-half weeks earlier.

67. Aqreva, through its regional supervisor Campbell who oversaw the hiring and firing and assisting Child & Adolescent Neurology staying staffed, violated 42 U.S.C. § 2000e-2(a)(1) by otherwise discriminating with respect to the terms, conditions, or privileges of employment against Axness because she had been pregnant and was not working as a result of having given birth two-and-a-half weeks earlier.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 2000e-3(a) (Discrimination for engaging in Protected Activity)
### Aqreva's withholding of Axness's Severance Pay

68. All of the previous allegations are incorporated by reference as if fully set forth herein.

69. 42 U.S.C. § 2000e-3(a) prohibits an employment agency from discriminating against any individual for engaging in protected activity.

70. Axness's act of contacting the EEOC and the South Dakota Division of Human Rights about her sex discrimination claim constituted protected activity.

71. Axness's act of filing a sex discrimination claim in court constitutes protected activity.

72. Axness, as an individual engaging in protected activity, is entitled to the protections of 42 U.S.C. § 2000e-3(a)'s prohibitions against discrimination by an employment agency.

Civ. 14-____
Complaint

73. Axness is entitled to the severance pay pursuant to Campbell's phone call on May 23, 2013.

74. The withholding of Axness's severance pay constitutes an adverse employment action.

75. Axness's severance pay continues to be withheld because she has not signed and returned the document that precluded her from contacting the EEOC or the South Dakota Division of Human Rights about any claim for sexual discrimination.

76. Axness's severance pay continues to be withheld because she filed a charge of discrimination to the South Dakota Division of Human Rights and the EEOC.

77. Axness's severance pay continues to be withheld because she filed suit in federal court alleging unlawful sex discrimination.

78. There is a causal connection between Axness's protected activity and the withholding of Axness's severance pay.

79. Aqreva, through its regional manager Campbell, discriminated against Axness for engaging in protected activity by withholding Axness's severance pay until Axness signed a document that precluded her from bringing a charge of discrimination or otherwise contacting the EEOC or state equivalent entity about potential sex discrimination in violation of 42 USC 2000e-3(a).

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 2000e-3(a) (Discrimination for engaging in Protected Activity)
### Aqreva's withholding of Axness's Paid Time Off

80. All of the previous allegations are incorporated by reference as if fully set forth herein.

81. 42 U.S.C. § 2000e-3(a) prohibits an employment agency from discriminating against any individual for engaging in protected activity.

82. Axness's act of contacting the EEOC and the South Dakota Division of Human Rights about her sex discrimination claim constituted protected activity.

Civ. 14-____
Complaint

83. Axness's act of filing a sex discrimination claim in court constitutes protected activity.

84. Axness, as an individual engaging in protected activity, is entitled to the protections of 42 U.S.C. § 2000e-3(a)'s prohibitions against discrimination by an employment agency.

85. Axness was entitled to the paid time off as a matter of company policy.

86. The withholding of Axness's paid time off constitutes an adverse employment action.

87. Axness's paid time off was withheld because Axness did not sign and return the document that precluded her from contacting the EEOC or the South Dakota Division of Human Rights about any claim for sexual discrimination.

88. There is a causal connection between Axness's protected activity and the withholding of Axness's paid time off.

89. Aqreva, through its regional manager Campbell, discriminated against Axness for engaging in protected activity by withholding Axness's paid time off until Axness signed a document that precluded her from bringing a charge of discrimination or otherwise contacting the EEOC or state equivalent entity about potential sex discrimination in violation of 42 U.S.C. § 2000e-3(a).

## FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 2000e-3(a) (Interference with Title VII Claims)
### Aqreva's withholding of Axness's Severance Pay and Paid Time Off;
### Aqreva's Threatened Monetary Penalties

90. All of the previous allegations are incorporated by reference as if fully set forth herein.

91. 42 U.S.C. § 2000e-3(a) prohibits an employer and an employment agency from interfering with access to Title VII's remedial mechanisms.

92. 42 U.S.C. § 2000e-3(a) also prohibits an employer and an employment agency from interfering with the EEOC's duty and authority in carrying out the purpose of

Civ. 14-____
Complaint

Title VII.

93. Withholding the severance pay and paid time off on the condition that Axness not contact the EEOC or the South Dakota Division of Human Rights violates 42 U.S.C. § 2000e-3(a) by interfering with Axness's access to Title VII's remedial mechanisms.

94. Aqreva, through its regional manager Campbell, interfered with Axness's access to Title VII's remedial measures in violation of 42 U.S.C § 2000e-3(a) by threatening Axness with monetary penalties if she signed the release documents so she could receive her paid time off and her severance pay and subsequently brought a charge of discrimination or otherwise contacted the EEOC or state equivalent entity about potential sex discrimination.

### SIXTH CLAIM FOR RELIEF
### SDCL § 20-13-10
### (Aqreva and Campbell)

95. All of the previous allegations are incorporated by reference as if fully set forth herein.

96. SDCL § 20-13-10 prohibits any person from discharging an employee or according adverse or unequal treatment to any person or employee with respect to compensation, layoff, or any term or condition of employment on the basis of sex.

97. Aqreva is a person under SDCL § 20-13-1(11) because it is a LLC.

98. Campbell is a person under SDCL § 20-13-1(11) because she is an individual.

99. Axness is an employee who performed services for Child & Adolescent Neurology for compensation.

100. Axness, being an employee, is entitled to SDCL § 20-13-10's protections against being discharged on the basis of sex.

101. Axness, being an individual who was pregnant and who gave birth, is also entitled to SDCL § 20-13-10's protections against adverse or unequal treatment with respect to compensation, layoff, or any term or condition of employment on the

basis of sex.

102. Aqreva and Campbell, individually and collectively, violated SDCL § 20-13-10 by terminating Axness or according adverse or unequal treatment to her with respect to compensation, layoff, or any term or condition of employment on the basis of sex.

## SEVENTH CLAIM FOR RELIEF
## SDCL § 20-13-11
## (Aqreva and Campbell)

103. All of the previous allegations are incorporated by reference as if fully set forth herein.

104. SDCL § 20-13-11 prohibits an employment agency from according adverse or unequal treatment to any person in connection with any request for assistance in procurement of employees.

105. Aqreva is an employment agency under SDCL § 20-13-1(8) because it is a person regularly undertaking, with or without compensation, to procure employees for an employer or to procure for employees opportunities to work for an employer.

106. Campbell is an employment agency under SDCL § 20-13-1(8) because she is a person regularly undertaking, with or without compensation, to procure employees for an employer or to procure for employees opportunities to work for an employer and is an agent of Aqreva.

107. Axness, being an individual who was pregnant and who gave birth, is also entitled to SDCL § 20-13-11's protections against adverse or unequal treatment in connection with Child & Adolescent Neurology's request for assistance from Aqreva and Campbell in the procurement of employees.

108. Aqreva and Campbell, individually and collectively, violated SDCL § 20-13-11 by according Axness adverse or unequal treatment by not affording her four weeks leave from work and by terminating her on the basis of sex.

Civ. 14-____
Complaint

## EIGHTH CLAIM FOR RELIEF
### SDCL § 20-13-26 (Concealing Unlawful Discrimination)
### (Aqreva and Campbell)

109. All of the previous allegations are incorporated by reference as if fully set forth herein.

110. SDCL § 20-13-26 prohibits any person, directly or indirectly, from concealing or attempting to conceal any unlawful discrimination.

111. Aqreva is a person under SDCL § 20-13-1(11) because it is a LLC.

112. Campbell is a person under SDCL § 20-13-1(11) because she is an individual.

113. Axness, an individual subjected to unlawful discrimination, is entitled to the protections afforded in SDCL § 20-13-26.

114. Aqreva and Campbell, individually and collectively, attempted to conceal and concealed unlawful discrimination in violation of SDCL § 20-13-26 by withholding Axness's paid time off and severance pay on the condition that she sign a document that precluded her from contacting the South Dakota Division of Human Rights or the EEOC or from making a charge or claim of sex discrimination.

## NINTH CLAIM FOR RELIEF
### SDCL § 20-13-26 (Aiding, Abetting, Inciting, or Inducing Unlawful Discrimination)
### (Aqreva and Campbell)

115. All of the previous allegations are incorporated by reference as if fully set forth herein.

116. SDCL § 20-13-26 prohibits any person, directly or indirectly, from aiding, abetting, inciting, or inducing another person to unlawfully discriminate.

117. Aqreva is a person under SDCL § 20-13-1(11) because it is a LLC.

118. Campbell is a person under SDCL § 20-13-1(11) because she is an individual.

Civ. 14-____
Complaint

119. Dr. Sanchez is a person under SDCL § 20-13-1(11) because he is an individual.

120. Child & Adolescent Neurology is a person under SDCL § 20-13-1(11) because it is a LLC.

121. Axness, an individual subjected to unlawful discrimination, is entitled to the protections afforded in SDCL § 20-13-26.

122. Aqreva and Campbell, individually and collectively, aided, abetted, incited, and induced each other, Dr. Sanchez, and Child & Adolescent Neurology, to unlawfully discriminate against Axness by terminating her based on her sex, including being pregnant and giving birth.

### TENTH CLAIM FOR RELIEF
### SDCL § 20-13-26 (Device Facilitating Unlawful Discrimination)
### (Aqreva and Campbell)

123. All of the previous allegations are incorporated by reference as if fully set forth herein.

124. SDCL § 20-13-26 prohibits any person from using any means, trick, artifice, or device whatsoever to facilitate unlawful discrimination.

125. Aqreva is a person under SDCL § 20-13-1(11) because it is a LLC.

126. Campbell is a person under SDCL § 20-13-1(11) because she is an individual.

127. Axness, an individual subjected to unlawful discrimination, is entitled to the protections afforded in SDCL § 20-13-26.

128. The letter and document that Axness was required to sign in order to obtain her paid time off and her severance pay constitutes a means, trick, artifice, or device to facilitate unlawful discrimination by withholding money that was owed to Axness until she waived her right to contact the South Dakota Division of Human Rights or the EEOC and her right to make a charge or claim of sex discrimination.

Civ. 14-____
Complaint

129. Aqreva and Campbell, individually and collectively, violated SDCL § 20-13-26 by sending the letter and document to Axness and withholding her paid time off and severance pay until she signed the document.

## ELEVENTH CLAIM FOR RELIEF
### SDCL § 20-13-26 (Engaging or Threatening to Engage in Reprisal)
### (Aqreva and Campbell)

130. All of the previous allegations are incorporated by reference as if fully set forth herein.

131. SDCL § 20-13-26 prohibits any person from engaging in or threatening to engage in any reprisal, economic or otherwise, against any person by reason of that person's filing a charge or assisting in the observance and support of the purposes of SDCL § 20-13.

132. Aqreva is a person under SDCL § 20-13-1(11) because it is a LLC.

133. Campbell is a person under SDCL § 20-13-1(11) because she is an individual.

134. Axness, being a person, is entitled to the protections afforded by SDCL § 20-13-26.

135. Aqreva and Campbell, individually and collectively, threatened to engage in economic reprisal in violation of SDCL § 20-13-26 by threatening to withhold Axness's paid time off and severance pay on the condition that she sign the document that precluded her from contacting the South Dakota Division of Human Rights or the EEOC or from making a charge or claim of sex discrimination.

136. Aqreva and Campbell, individually and collectively, threatened to engage in economic reprisal in violation of SDCL § 20-13-26 by threatening Axness with monetary penalties if she contacted the EEOC or equivalent state agency after signing the document in order to receive her paid time off and severance pay.

137. Aqreva and Campbell, individually and collectively, engaged in economic reprisal in violation of SDCL § 20-13-26 by actually withholding Axness's paid time off and continuing to withhold the severance pay on the condition that she sign a document that precluded her from contacting the South Dakota Division of Human

Civ. 14-____
Complaint

Rights or the EEOC or from making a charge or claim of sex discrimination.

## TWELFTH CLAIM FOR RELIEF
## SDCL § 20-13-26 (Punitive Damages)
## (Aqreva and Campbell)

138. All of the previous allegations are incorporated by reference as if fully set forth herein.

139. SDCL § 20-13-35.1 authorizes the award of punitive damages for violations of SDCL § 20-13-26.

140. Aqreva and Campbell, individually and collectively, acted with malice or reckless indifference of the rights afforded under SDCL § 20-13 in violation of SDCL § 20-13-26.

## THIRTEENTH CLAIM FOR RELIEF
## 42 U.S.C. § 1981a (Punitive Damages)
## (Aqreva)

141. All of the previous allegations are incorporated by reference as if fully set forth herein.

142. 42 U.S.C. § 1981a authorizes the award of punitive damages for violations of 42 U.S.C. §§ 2000e-2 and 2000e-3.

143. Aqreva, through its regional supervisor Campbell, acted with malice or reckless indifference to the federally protected rights of Axness by discriminating against her based on her sex and engaging in protected activity in violation of 42 U.S.C. §§ 2000e-2 and 2000e-3.

144. Aqreva, through its regional supervisor Campbell, also acted with malice or reckless indifference to the federally protected rights of Axness by interfering with her right to access Title VII's remedial mechanism in violation of 42 U.S.C. § 2000e-3.

Civ. 14-____
Complaint

## FOURTEENTH CLAIM FOR RELIEF
## 42 U.S.C. § 2000e-5(k) (Attorney's Fee)

145. All of the previous allegations are incorporated by reference as if fully set forth herein.

146. 42 U.S.C. § 2000e-5(k) authorizes the award of attorney's fees.

147. Axness is entitled to an award of attorney's fees under 42 U.S.C. § 2000e-5(k).

WHEREFORE Plaintiff Julie Axness prays that this Court enter an order providing as follows:

(a) That a declaratory judgment be issued that Axness's rights have been violated as alleged above;

(b) That Axness recover from the defendants, consequential damages, including but not limited to front pay, back pay, compensatory damages, exemplary and punitive damages, and such other monetary relief as may be deemed appropriate in amounts to be determined at trial;

(c) That Axness recover prejudgment and postjudgment interest to the maximum extent permitted by law;

(d) That Axness recover from the defendants, jointly and severally, her costs including expert witness fees and reasonable attorney's fees, together, with such other remedies as may be provided by law; and

(e) That the Court grant such other and further relief as it deems just and proper.

## PLAINTIFF JULIE A. AXNESS REQUESTS A TRIAL BY JURY
## ON ALL ISSUES OF FACT.

Civ. 14-____
Complaint

Dated this 15th day of May, 2014.

                              FULLER & WILLIAMSON, LLP

                              */s/ Eric T. Preheim*
                              _____
                              Eric T. Preheim
                              7521 South Louise Avenue
                              Sioux Falls, SD 57108
                              Phone:(605) 333-0003
                              Fax:   (605) 333-0007
                              Email: epreheim@fullerandwilliamson.com
                              Attorney for Plaintiff Julie A. Axness